18 N.J. Super. 395 (1952)
87 A.2d 362
IN THE MATTER OF THE ESTATE OF ELIZABETH M. LAISE, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued March 3, 1952.
Decided March 19, 1952.
*396 Before Judges McGEEHAN, JAYNE and Wm. J. BRENNAN, JR.
Mr. John F. Cushman argued the cause for appellant Mr. J. Howard McGrath, Attorney-General of the United States, as successor to the Alien Property Custodian (attorneys  Mr. Harold I. Baynton, Assistant Attorney-General of the United States; Mr. Grover C. Richman, Jr., United States District Attorney; Mr. Roger M. Yancey, Assistant United States Attorney; Messrs. James D. Hill, George B. Searls and John F. Cushman, attorneys, Department of Justice).
Mr. Samuel Nashel argued the cause for respondent Robert L. Clayton (Messrs. Hirschberg, Nashel, Zorn & Cronson, attorneys).
Mr. Lewis D. Mowry argued the cause for respondent The Mary Fisher Home (Messrs. Hennessy & Mowry, attorneys).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
Mrs. Grete Ebeling was a beneficiary named in the last will and testament of Elizabeth M. Laise, deceased. The Attorney-General of the United States, acting under the authority of the Trading with the Enemy Act, appropriated the interest of Grete Ebeling and her heirs in this estate. The validity of this appropriation is not in issue. The Attorney-General appeals from a judgment of distribution which was entered in the Bergen County Court on May 23, 1951.
*397 Elizabeth M. Laise died testate, a resident of Bergen County, New Jersey. Her will, which was executed on February 10, 1943, was duly probated and letters testamentary were issued by the surrogate on January 25, 1944. By the ninth paragraph of the will, the residue of her estate was given to the executors, "in trust, to be converted into cash by them at such times as they think best, and to be divided by my executors into three (3) equal parts or portions." One part thereof was bequeathed to "Robert L. Clayton, and to his heirs and assigns forever"; one part to "Mrs. Imgard Killinger, my cousin, and to her heirs and assigns forever"; and the third part as follows:
"The remaining equal part, being one-third of my entire residuary estate, I hereby bequeath unto my mother, MRS. GRETE EBELING.
In the event of the death of my mother, Mrs. Grete Ebeling, prior to the distribution to her of her one-third equal part, I direct that her said part shall be divided into three (3) equal parts, and disposed of as follows: To ROBERT L. CLAYTON, one of said parts; to the MARY FISHER HOME, a charitable institution in Tenafly, Bergen County, New Jersey, one of said part  the receipt of the Treasurer of the same for the time being shall be a sufficient discharge to my executors for such legacy; to ROBERT L. CLAYTON, the remaining one of said parts to be used by him for any charitable purpose which he sees fit."
Grete Ebeling died on November 4, 1946, and thus survived the probate of the will by more than two years and nine months. Prior to her death, and for several years thereafter, litigation was still pending which involved substantial claims made against the estate. One suit, which antedated the execution of the will and involved a claim against Elizabeth M. Laise of $13,000 and interest, arising out of a construction of the will of her deceased husband, was not determined until September, 1948. The final account in the Elizabeth M. Laise estate was not filed until November 8, 1950.
At the oral argument the appellant stated that he did not intend to argue, or rely upon, the nature of the bequest to *398 Grete Ebeling, because his argument would be that, regardless of the nature of the bequest, it was fully vested in Grete Ebeling when she survived the probate of the will by 18 months, the period provided by statute (R.S. 3:26-1, as amended L. 1943, c. 82, § 1, effective April 6, 1943). This statute, in pertinent part, provides:
"An executor or administrator with the will annexed of any will probated on or after the effective date hereof shall have eighteen months after probate within which to pay and satisfy legacies given by the will unless the will otherwise directs; provided, however, that legacies given by the will may be paid or satisfied prior to the expiration of said eighteen months' period unless the will otherwise directs."
The appellant's argument proceeds as follows. First, a gift to a beneficiary, with a gift over if the beneficiary dies prior to distribution, vests in the beneficiary at the termination of the statutory period for distribution, unless a contrary intent is clearly disclosed; second, no contrary intent is clearly disclosed; third, Grete Ebeling survived until after the termination of the statutory period for distribution; therefore, the gift was fully vested in her at the termination of the statutory period for distribution.
Of course, actual payment to Grete Ebeling of her share was not necessary. In Miller v. Colt, 32 N.J. Eq. 6 (Ch. 1880), unanimously affirmed O.B. 33 N.J. Eq. 362 (E. & A. 1880), there was a gift of a share of the residue to a named beneficiary and a gift over if he "dies before distribution." In Joseph v. Utitz, 34 N.J. Eq. 1 (Ch. 1881), there was a bequest to a named beneficiary and a gift over if she died "before receiving her bequest." And in Rusch v. Melosh, 133 N.J. Eq. 502 (Ch. 1943), affirmed O.B. by a divided court, 134 N.J. Eq. 409 (E. & A. 1944), there was a gift of a share of the residue to a named beneficiary and a gift over if she should "die prior to the distribution of my estate." In all three cases the first named beneficiary survived the statutory period for distribution, but died before payment. In each case the court held that the first named beneficiary *399 was entitled to take on a finding that distribution, although not actually made, could have been made prior to the death of the beneficiary if the executors had used due diligence in settling the estate. The appellant does not rely on the law laid down in these three cases for an obvious reason; namely, he does not make any claim that the executors failed to act with due diligence in settling the estate or that the estate could have been settled before the death of Grete Ebeling if the executors had acted with due diligence.
In support of his argument, the appellant places strong reliance on the following dicta found in Rusch v. Melosh, above:
"A consideration of all the facts and circumstances surrounding William's estate, inclines me to the belief that the latter period [the one year statutory period for distribution] is the time for distribution that William intended and had in mind. Testators are presumed to know the law and to have drawn their wills according to it. I believe that William, the testator, in preparing his will, under the guidance of able counsel, concluded that his estate would be distributed in accordance with law, viz., within the twelve month period. And even though he assumed, and he could have assumed that circumstances which he did not anticipate, might prevent his executors distributing his estate within the twelve month period, such circumstances would have no effect upon his intention, and would not divest his widow of her lawful share of his estate, which she accepted in lieu of dower."
Assuming, for the purposes of this case, that the language "prior to distribution to her," found in this will, should be construed to mean "prior to the expiration of the statutory period for distribution," in the absence of any contrary intent drawn from the entire will and the expressions therein used, as they may be affected by the circumstances and the situation of the testatrix at the time she executed her will, the appellant still cannot succeed.
When the testatrix executed her will on February 10, 1943, R.S. 3:26-1 provided:
"An executor or administrator with the will annexed shall have one year after probate within which to pay and satisfy legacies given by the will, unless the will otherwise directs."
*400 Under this will, the testatrix gave the residue of her estate to her executors, "in trust, to be converted into cash by them at such times as they think best, and to be divided by my executors into three (3) equal parts or portions." The record shows that the decedent had an interest in real estate in California, which was sold about January 1, 1946. In the sixteenth paragraph of her will, the testatrix provided:
"So far as possible, a yearly statement of the income and condition of my estate and of the several funds and payments herein mentioned, or provided for, shall be prepared and rendered by my said executors and trustees to the person or persons at the time entitled to the income of said fund or estate, or any portion thereof. If said statement shall be accepted and ratified by such person or persons, it shall be a full acquittance and discharge of the said executors and trustees for all matters arising under this trust until that time, provided, however, that nothing herein shall discharge the said executors and trustees from any wilful fraud or wilful neglect on their part."
These provisions of the will clearly indicate that the testatrix, in using the words "prior to distribution to her," did not intend the words to mean "prior to the expiration of the statutory period for distribution," but rather intended them to mean "prior to the time when distribution could have been made if the executors acted with due diligence in settling the estate." Cf. Miller v. Colt, above; Joseph v. Utitz, above; and Rusch v. Melosh, above.
This conclusion makes unnecessary any discussion of the cases cited by the appellant from our sister states, involving construction of the same or similar language found in particular wills. Suffice it to say that the numerous cases annotated in 142 A.L.R. 136, and cases cited in the supplemental annotations thereto (which include cases cited by appellant), merely portray the differing results reached in the different jurisdictions, in the absence of a finding of contrary intent.
The judgment is affirmed.